UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

FILED
December 19, 2023
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# Petition for Person Under Supervision

| | |
|---|---|
| Person Under Supervision: | Jordan Smith    Case No.: 4:21-CR-322-O (1) |
| Name of Sentencing Judge: | U.S. District Judge Eric F. Melgren (Jurisdiction accepted by U.S. District Judge Reed O'Connor on December 7, 2021.) |
| Date of Original Sentence: | October 31, 2018 |
| Original Offense: | Felon in Possession of Ammunition, 18 U.S.C. § 922(g)(1), a Class C Felony |
| Original Sentence: | 37 months custody, 3-year term of supervised release |
| Revocations: | None |
| Detainers: | None |
| U.S. Marshals No.: | 21368-031 |
| Type of Supervision: | Supervised Release    Date Supervision Commenced: October 26, 2021 |
| Assistant U.S. Attorney: | Matthew T. Treaster    Defense Attorney: Jennifer A. Amyx (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes the person under supervision violated the following conditions:

**Previous Court Notification**

On November 22, 2021, a Request for Modifying the Conditions or Term of Supervised Release was filed which notified the Court of Jordan Smith's request to modify his conditions of supervision to include outpatient mental health treatment services to allow him to address past and recent trauma. U.S. District Judge Eric F. Melgren agreed with the recommendation of the U.S. Probation Office and ordered the condition for outpatient mental health treatment be added. Additionally, Judge Melgren signed a Transfer of Jurisdiction order the same day. On December 7, 2021, Your Honor accepted jurisdiction of the above-named supervised releasee.

**Current Noncompliance**

**I.**

**Violation of Mandatory Condition No. 1**

You must not commit another federal, state, or local crime.

**Violation of Standard Condition No. 3**

You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

**Violation of Standard Condition No. 9**

If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

**Nature of Noncompliance**

Jordan Smith violated these conditions of supervised release when he drove over the posted speed limit as evidenced by a citation issued. According to Wichita, Kansas municipal court records, on March 16, 2023, Mr. Smith was cited by officers of Wichita, Kansas Police Department (WPD) for speeding, in violation of City of Wichita Code of Ordinances § 11.24.020. Mr. Smith pleaded nolo contendere, and paid a fine of $146.50 on March 24, 2023, thus disposing of the case.

On April 17, 2023, U.S. Probation Officer Thomas Patterson (USPO Patterson) completed a criminal history check on Mr. Smith, which revealed this contact with WPD officers. On April 18, 2023, Mr. Smith told USPO Patterson he was traveling through Wichita, Kansas for his job and confirmed he received a speeding ticket. A subsequent conference with Senior U.S. Probation Officer Courtney Rich (Sr. USPO Rich) confirmed Mr. Smith did not have permission to travel outside of district for employment purposes.

Further, Mr. Smith did not notify the probation officer within 72 hours of the law enforcement contact.

**II.**

**Violation of Mandatory Condition No. 1**

You must not commit another federal, state, or local crime.

**Violation of Standard Condition No. 3**

You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

**Violation of Standard Condition No. 10**

You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or Tasers).

**Violation of Special Condition No. 4**

You must successfully participate in and successfully complete an approved program for substance abuse, which may include urine, breath, or sweat patch testing, and/or outpatient treatment, and share in the costs, based on the ability to pay, as directed by the Probation Office. You must abstain from the use and possession of alcohol and other intoxicants during the term of supervision.

**Nature of Noncompliance**

Mr. Smith violated these conditions of supervised release when he possessed a firearm, drove while license was suspended, transported an open container of alcohol, and presented an illegal tag on a vehicle as evidenced by WPD Incident Report No. 23CR157044. According to the report, on November 25, 2023, at approximately 2:17 a.m., WPD officers contacted Mr. Smith during a traffic stop after he was observed driving away from an illegal after-hours club in a Chevrolet Silverado with vehicle tags belonging to a Ford Escape. Upon stopping, Mr. Smith exited his vehicle and began speaking to the vehicle's female passenger, Alyssa Bennet. Officers approached and advised Mr. Smith he was stopped for driving a vehicle with improper tags. Mr. Smith indicated the Silverado was a "loaner" from a dealership, and the tag affixed to it belonged to his child's mother. Mr. Smith also told officers he was not driving the vehicle. During the stop, WPD officers checked Mr. Smith's driving record and discovered his driver's license was suspended. Officers were unable to read the dashboard Vehicle Identification Number (VIN) from outside the vehicle because the Silverado had a lifted suspension. Therefore, they opened the driver-side door to view the VIN sticker on the door jamb. While the door of the vehicle was open, officers observed a black and green Ruger 9-millimeter pistol between the driver's seat and center console. Mr. Smith was then arrested for Possession of a Firearm by a Felon. Subsequent this arrest, the Silverado was searched, and officers observed an open bottle of liquor on the backseat floorboard. Ms. Smith was also booked into the county jail for Illegal Tag, No Vehicle Insurance, Driving While License Suspended, and Transporting Open Container. Mr. Smith has since been released from custody and no criminal charges have been filed as of the date of this petition.

Further, Mr. Smith did not have permission from the U.S. Probation Office to be outside of the district.

**III.**

**Violation of Standard Condition No. 2**

After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

**Nature of Noncompliance**

Mr. Smith violated this condition of supervised release when he failed to report to the U.S. Probation Office, Fort Worth Division, on December 13, 2023, as directed by USPO Patterson.

## Personal History

Jordan Smith began his term of supervised release in the Northern District of Texas, Fort Worth Division, on October 26, 2021. He has resided with his family in Arlington, Texas since supervision commenced and he has worked as a delivery helper for his family's trucking company, Jade Trucking, since July 2022. Prior to this, Mr. Smith was unemployed and looking for work. Mr. Smith began supervision with Sr. USPO Rich in October 2021, and supervision was transferred to USPO Patterson in January 2023.

On November 8, 2021, Mr. Smith was enrolled in the random drug testing program, and he completed this program on September 30, 2022. On February 7, 2022, Mr. Smith was assessed for mental health treatment, and it was recommended he participate in individual counseling. He later completed a psychological evaluation and was diagnosed with adjustment disorder with mixed anxiety and depressed

mood. He was prescribed Zoloft (sertraline) during treatment. Mr. Smith maintained compliance with his mental health treatment program and was discharged for successful completion on March 2, 2023.

In April 2023, a routine criminal history check on Mr. Smith revealed possible contact with law enforcement in Wichita, Kansas in March 2023. When asked, Mr. Smith revealed he was on his way to Nebraska for work at the time he was ticketed for speeding. Mr. Smith reported he and his coworkers stopped for lunch in Wichita and during this break, he drove a coworker's personal vehicle and was ticketed for speeding while coming off the freeway. Mr. Smith advised he paid the citation in full a few days later, which was confirmed through an inquiry of the Wichita, Kansas's municipal court website. Mr. Smith admitted to his behavior when asked but did not report the contact with law enforcement as directed by his conditions of supervision and as instructed at his intake to supervision. Therefore, USPO Patterson reviewed the conditions of supervision with Mr. Smith, and gave a verbal reprimand for not reporting law enforcement contact within 72 hours and driving without a license. On December 10, 2023, Sr. USPO Rich advised Mr. Smith previously reported his work schedule included regular travel within the Northern District of Texas and confirmed permission to travel outside the district for work purposes had not been given since Mr. Smith's supervision commenced.

On December 12, 2023, USPO Patterson provided Mr. Smith with instructions to report to the U.S. Probation Office, Fort Worth Division, on December 13, 2022, at 2:00 p.m. to explain the circumstances surrounding his most recent arrest. Mr. Smith agreed to these instructions but failed to keep the appointment. USPO Patterson has attempted to contact Mr. Smith to address his noncompliance since his missed appointment, but he has yet to respond. In addition to making several phone calls, leaving voicemails, and sending emails, USPO Patterson and U.S. Probation Officer Beth Long (USPO Long) attempted to visit Mr. Smith at his home on December 13, 2023. USPO Patterson and USPO Long made contact with Mr. Smith's grandmother, Cherrie White, but were unable to make contact with Mr. Smith. Ms. White was asked to give Mr. Smith a message to contact USPO Patterson. Mr. Smith has not responded to these instructions as of the date of this petition. On December 15, 2023, USPO Patterson sent Mr. Smith a regular postage letter and a certified letter with instructions for him to contact USPO Patterson immediately.

**Statutory Provisions — Protect Act Supervised Release**

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a firearm. Sentence to a term of imprisonment. 18 U.S.C. § 3583(g)(2). |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | 3 years, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Jackson also notes that a district court may impose any term of supervised release that is equal to or greater than the mandatory minimum, less any term of imprisonment that was imposed upon revocation of supervised release.

**Chapter 7 Violation Computations**

| | | |
|---|---|---|
| **Violation Grade:** | A | USSG §7B1.1(a)(1), p.s. |
| **Criminal History Category:** | VI | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 24 months | The imprisonment term must be no more than the statutory maximum of 24 months. USSG §7B1.4(b)(1), p.s. |
| **Fine:** | None | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the
foregoing is true and correct.

Executed on December 18, 2023
Respectfully submitted,

Thomas Patterson
U.S. Probation Officer
Fort Worth
Phone: 682-610-7555

Approved,

Angela Roberson
Supervising U.S. Probation Officer
Phone: 214-753-2510

**Order of the Court:**

☐ No action.

☒ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐ The Issuance of a Summons.

☐ Other or Additional:

______________________________

______________________________

☐ File under seal until further order of the Court.

The Honorable Reed O'Connor
U.S. District Judge

12/19/2023
Date